898 F.2d 144
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John BREADEN, Plaintiff-Appellant,
v.
James R. McCUE, Defendant-Appellee,
and
Larry Hoover; James G. Gowen; Madrigal Funding
Corporation; Navarro Petroleum Corporation;
Permeator Corporation; Founders Equity
Corporation, Defendants.
 No. 89-3286.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 26, 1989.
Decided: Feb. 15, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-88-1284-A)
 William E. Findler, Arlington, Va., for appellant.
 Ronald H. Jarashow, Franch & Jarashow, Annapolis, Md., for appellees.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff sued defendant McCue and several others for payment of a promissory note dated September 13, 1985, in the amount of $50,000. The note was signed "James R. McCue, Trustee." After the plaintiff had obtained a default judgment against the other defendants, his claim against appellee McCue went to trial before the court without a jury. In its Findings of Fact and Conclusions of Law, the trial court found that James R. McCue was not personally liable on the note, that the proceeds of the note were not for any personal use by McCue, and that in signing the note as trustee he was acting for investors in a proposed agricultural project in Australia. The court concluded that, under Sec. 3-403 of the Uniform Commercial Code, it was established between the maker and the holder of the note that the maker was not personally obligated.
 
 
 2
 The appellant contends that the court erred in failing to grant his prior motion for summary judgment and in failing to find the appellee personally liable on the note since he had signed as trustee without identifying the party for whom he was acting as trustee, either on the face of the note or otherwise. The findings of the district court are not to be set aside unless they are clearly erroneous. Federal Rule of Civil Procedure 52(a). We have reviewed the record and conclude that the findings of the district court are amply supported by the evidence. In answer to certain questions propounded by the court, the plaintiff admitted that he knew that the money was not for McCue's personal use and that it was for an investment in a project in Australia.
 
 
 3
 The trial judge properly applied the Uniform Commercial Code at Sec. 3-403 which provides in part:
 
 
 4
 (2) An authorized representative who signs his own name to an instrument
 
 
 5
 (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
 
 
 6
 (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
 
 
 7
 The evidence was overwhelming that the immediate parties, plaintiff Breeden and defendant McCue, understood that McCue was signing as trustee for the investment group. On the face of the note it is stated that the note is secured "by an undivided 25% interest in that certain promissory note dated April 2, 1985 from Navarro Petroleum Corporation to Madrigal Funding in the original principal sum of $200,000 which note has been assigned to the maker hereof, as trustee." The findings of the district court are not clearly erroneous, and we dispense with oral argument because we find that the facts and legal contentions are adequately presented in the materials now before the court and oral argument would not aid the decisional process.
 
 
 8
 AFFIRMED.